UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>-against-<br><br>UNIVERSITY OF CHICAGO;<br>UNIVERSITY OF CHICAGO MEDICAL<br>CENTER; SAUL LEVMORE; THOMAS<br>MILES; MICHELE RICHARDSON;<br>MICHAEL SCHILL; ABBIE WILLARD;<br>DAVID ZARFES,<br><br>       Defendants. | 1:21-CV-10487 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who appears *pro se*, asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as claims under state law. She has submitted, with her complaint, a request to allow her to proceed under a pseudonym and for her complaint to be sealed. (ECF 2.) Plaintiff has paid the fees to bring this action. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Illinois.

## DISCUSSION

  Under the venue provision for civil claims under RICO, such claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

  Under the general venue statute, a federal civil action may be brought, unless otherwise provided by law, in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of this statute, a "natural person" resides in the federal judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2). Where a state has more than one federal judicial district, a defendant corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." § 1391(d).[1]

Courts within this Circuit have held that "Congress intended the civil RICO venue provision[] to be a liberalization to the federal venue statute 28 U.S.C. § 1391." *Williams v. Equitable Acceptance Corp.*, No. 18-CV-7537, 2021 WL 135625, at *10 (S.D.N.Y. Jan. 14, 2021) (internal quotation marks and citation omitted). In fact, "[c]ourts in this Circuit 'read[ ] the RICO venue provision to permit adjudication in any district where minimum contacts are established.'" *Id.* (citation omitted). Courts within this Circuit have also held that RICO's venue provision "supplement[s] the general venue statute, found at 28 U.S.C. § 1391(b)." *Lama v. New Century Found.*, No. 19-CV-2169, 2019 WL 7599899, at *5 (S.D.N.Y. Oct. 10, 2019), *report & recommendation adopted*, ECF 1:19-CV-2169, 54 (S.D.N.Y. Oct. 28, 2019). "This means that, for [civil claims under RICO], [a] [p]laintiff[] may allege venue either under [RICO's] specific venue provision, or under one of the three subsections of 28 U.S.C. § 1391(b)." *Id.*; *City of New York v. Cyco.Net, Inc.*, 383 F. Supp.2d 526, 544 (S.D.N.Y. 2005) ("This means Plaintiff may

---

[1] In a state with multiple federal judicial districts, if there is no such district, "the defendant corporation shall be deemed to reside in the district within which it has the most significant contacts." § 1391(d).

2

properly lay venue in accordance with *either* 18 U.S.C. § 1965 or 28 U.S.C. § 1391.") (italics in original).

Plaintiff, who asserts that she resides in Hawaii, alleges the following about the named defendants: (1) the University of Chicago is incorporated and has its principal place of business in Illinois; (2) the University of Chicago Medical Center is also incorporated and has its principal place of business in Illinois; (3) Saul Levmore resides in Illinois; (4) Thomas Miles resides in Illinois; (5) Michele Richardson resides in Illinois; (6) Michael Schill resides in Oregon; (7) Abbe Willard resides in Arizona; and (8) David Zarfes resides in Illinois. (ECF 1, at 9.) She also asserts that this Court "has personal jurisdiction over Defendants because they reside in, conduct significant business with, or have minimum contacts with New York and took actions in the state which form the basis of Plaintiff['s] claims." (*Id.* at 10.)

Plaintiff fails to allege facts showing, for the purpose of establishing venue under RICO's venue provision, 18 U.S.C. § 1965(a), however, that any of the defendants resides, is found, has an agent, or transacts his or her affairs within this federal judicial district. Thus, this Court is not a proper venue for Plaintiff's claims under RICO under RICO's venue provision.

Plaintiff also fails to allege facts showing, for the purpose of establishing venue under 28 U.S.C. § 1391(b)(1), that at least one of the defendants resides within this federal judicial district, and that all of the defendants reside within the State of New York. Thus, this Court is not a proper venue for any of Plaintiff's claims under Section 1391(b)(1).

Plaintiff's claims principally arise from her experiences as a law student attending the University of Chicago Law School, though some of her claims arise from her subsequent experiences as a law school graduate. Some of the events that Plaintiff asserts are the basis for her claims allegedly occurred while Plaintiff was living and working in New York, New York,

within this federal judicial district, *see* 28 U.S.C. § 112(b), however, a significantly greater portion of the alleged events that are the basis for her claims occurred while she was attending law school in Chicago, Illinois, in the Northern District of Illinois, *see* 28 U.S.C. § 93(a)(1). Thus, this Court may be a proper venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b)(2). *See Cyco.Net, Inc.*, 383 F. Supp.2d at 544. For that same reason, however, the United States District Court for the Northern District of Illinois is also a proper venue for all of Plaintiff's claims.

Even if this court is a proper venue, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. A significantly greater portion of the underlying alleged events occurred in Chicago, Illinois, in the Northern District of Illinois, than in this federal judicial district, and Plaintiff's claims principally arise from her experiences in Chicago. Thus, relevant documents and witnesses are likely located in the Northern District of Illinois. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Illinois. Whether Plaintiff should be permitted to proceed under a pseudonym, and whether the complaint should be sealed, are determinations to be made by the transferee court.[2] This order closes this action in this court.

---

[2] In an abundance of caution, the Clerk of Court has listed Plaintiff as "Jane Doe" on the public docket, and has restricted electronic access to Plaintiff's complaint – both the redacted and unredacted versions – to a "case-participant only" basis. This Court defers to the transferee court as to whether such measures should be continued once this action is transferred.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 18, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge