## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JANE DOE,

    Plaintiff,

v.

UNIVERSITY OF CHICAGO *et al.*,

    Defendants.

No. 22-cv-01032

Judge John F. Kness

## ORDER

Plaintiff brings this action *pro se* alleging a range of wrongful conduct by Defendants. (Dkt. 1 ¶ 15.) Several pending motions are addressed in this order, starting with Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 20). Plaintiff represented in a supplement to her application that she has started a new job with an annual salary of $87,000. (Dkt. 24 at 1.) Assuming this information is current, Plaintiff fails to demonstrate that she is indigent and that she is unable to pay the required filing fee. Accordingly, Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 20) is denied without prejudice. If Plaintiff wishes to proceed in this lawsuit, she must either pay the filing fee on or before April 28, 2023 or, if her financial circumstances have changed or she can otherwise establish that she is unable to pay the fee, submit a new application to proceed *in forma pauperis*. Any failure by Plaintiff to meet this deadline may result in the case being summarily dismissed.

Plaintiff's motion for attorney representation (Dkt. 21) is denied without prejudice. A party who lacks the resources to retain counsel by any other means may apply for appointment of counsel. 28 U.S.C. § 1915(e)(1); Local Rule 83.35. Courts that review requests for appointed counsel must consider whether the party has made a reasonable attempt to hire counsel and whether the party appears competent to litigate the matter herself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (*en banc*). Plaintiff states that she contacted only three attorneys in her attempts to retain counsel. That may be sufficient, but, as Plaintiff is a law school graduate with a salary of $87,000 per year, it is not crystal clear that Plaintiff lacks the resources to retain counsel. Nor is it apparent that Plaintiff lacks the competence to litigate this matter on her own behalf; she is, after all, a graduate of the University of Chicago Law School. Plaintiff's submissions are reasonably coherent, legible, and supported

with argument. It is not apparent, at least at this early stage of the case, that Plaintiff lacks the competence to represent herself. Leaving aside for now that the Court may consider the perceived merits of (or likelihood of success on) an indigent plaintiff's claims in its decision of whether to allocate scarce pro bono counsel resources, *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022), it is too early to determine with confidence that the appointment of counsel is warranted under the other relevant considerations for appointing counsel. As circumstances permit, Plaintiff may renew her request for counsel at a later time.

Finally, Plaintiff's motion to unseal and redact exhibits in the complaint (Dkt. 32) is denied without prejudice: not because the complaint should remain sealed *in toto* (it almost certainly should not), but because the Court does not quite understand Plaintiff's proposal to "unseal and redact the exhibits in [Plaintiff's] complaint based on an *in camera* review of [Plaintiff's] proposed redactions." (Dkt. 32, ¶ 1.) A confidential (nonpublic) review of those proposed redactions can be accomplished if Plaintiff files the documents under a provisional seal, subject to later review and approval by the Court. But read literally, Plaintiff's proposal would require exposure of presently sealed information (if only temporarily) pending some sort of undetermined *in camera* proceeding. That is not a feasible endeavor. If, therefore, Plaintiff wishes to maintain the seal on any currently sealed items, and if Plaintiff wishes to maintain her pseudonymous status, she will need to file a renewed motion to seal and to proceed pseudonymously on or before April 28, 2023. Before filing any motion to keep information confidential (including her identity), Plaintiff should review applicable precedent, including *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). Any motion to seal or redact documents must also show exactly what items are to be either sealed or redacted. If Plaintiff is unsure how to submit attachments under provisional seal, or how to submit redacted documents under provisional seal, she should contact the office of the Clerk of Court and seek assistance.

There are several other pending motions in this case that will be addressed in due course by separate order.

SO ORDERED in No. 22-cv-01032.

Date: March 31, 2022

_____
JOHN F. KNESS
United States District Judge