

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JANE DOE

22-CV-1032

v.

Hon. John F. Kness

UNIVERSITY OF CHICAGO

PLAINTIFF'S MOTIONS
(1) TO RECONSIDER THE COURT'S ORDER TO PAY A FILING FEE,
(2) TO REMAIN A JANE DOE,
(3) FOR SEALED RECORDS TO REMAIN UNDER SEAL, AND
(4) FOR AN EXTENSION OF TIME TO MAKE SEALED RECORDS OR PORTIONS
THEREOF PUBLIC

Jane Doe
Pro Se
Grace Station
229 E 85th St
PO Box 117
New York, NY 10028
646.504.2231

I.   INTRODUCTION

Plaintiff submits this filing in response to this court's order. Order dated 3/31/2023, Dkt. 62. First, Plaintiff moves this court to reconsider requiring payment of a filing fee because the fee has already been paid. Second, she moves to continue as a Jane Doe. Third, she moves to allow sealed records to remain under seal. Fourth, she moves for an extension of time to make sealed records or portions thereof public.

II.   LEGAL STANDARD

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This includes complaints and motions. *Erickson*; *Estelle; Castro v. United States*, 540 U.S. 375, 381-2 (2003).

III.   THE FILING FEE WAS PAID ON JANUARY 18, 2022

This court directed Plaintiff to pay her court filing fee by April 28, 2023 or face dismissal. Order, Dkt. 62, p. 1. However, she already paid this more than a year ago on January 18, 2022. Her receipt is attached as Exhibit A. The docket report notes the fee payment in entry Pro Se Payment of Fee Processed dated 2/11/2022. On April 23, 2023, she emailed Enjoli Fletcher, the courtroom deputy to the judge overseeing this case, that she had already paid this and attached a picture of the receipt. The next day, Ms. Fletcher confirmed receipt of Plaintiff's email.

The Hibbler Memorial Pro Se Assistance Program ("Hibbler") advised Plaintiff to file a motion for appointment of counsel. It also advised her that, to do so, she must file a motion to proceed in *forma pauperis*, which it thought appropriate given her $344,000 in federal student loans she accrued to attend Defendant University of Chicago ("University"). Compl., Dkt. 1, Ex. 7, 8, 9. She checked the box to waive court fees in anticipation of potential future fees.

1

IV. PLAINTIFF MOVES TO CONTINUE AS A JANE DOE

In Illinois, parties may use pseudonyms in cases about their reproductive health. *Doe v. Tinsley*, No. 1-21-0228 (Ill. App. Ct. 2021) citing *Doe v. Northwestern Memorial Hosp.*, 19 NE 3d 178, 191 (Ill. Appt. Ct. 2014) ("Plaintiff[s'] reproductive health is an extremely private and sensitive topic."). They may also use pseudonyms where they are "children, rape victims, and other particularly vulnerable parties" or have "legitimate fears of future retribution." *Doe v. Village of Deerfield*, 819 F. 3d 372, 377 (7th Cir. 2016).

First, the United States District Court for the Southern District of New York ("SDNY") and this court granted Plaintiff's request to be a Jane Doe, which she has been for almost a year and a half and during which she has guarded her privacy. This includes trying to seal Defendants' disclosure of non-public, identifying information that is irrelevant to the merits of her claims. Def.s' Mot. for Extension of Time, Dkt. 23, p. 2 (revealing Plaintiff's religion); Pl.'s Unopposed Mot. to Seal Def.s' Mot. for Extension of Time, Dkt. 25; Minute dated 6/14/2023, Dkt. 26 (denying Plaintiff's motion without prejudice); Pl.'s Memo. of Law in Support of Her Mot. for Change of Venue, Dkt. 45, p. 6, 7, 10 (discussing trying to submit another motion about this but being unable to due to lack of access to adequate legal advice in this district).

Second, the event that triggered this court's review of Plaintiff's Jane Doe status appears to be bad advice she received from this court. Order, Dkt. 62, p. 2. By way of background, she contacted the court clerk for help to make certain sealed Complaint Exhibits or portions thereof public. Based on this, she submitted what this court held to be an "unfeasible" motion that would have temporarily made all Exhibits wholly public, thus revealing her name. *Id*. She never intended to make her name public in connection with this matter and should not lose her status as a Jane Doe because she got bad advice from an authority she reasonably relied on.

2

Third, this case concerns the reproductive health of Plaintiff, an unwed, childless, perimenopausal 41-year-old woman. Defendant University of Chicago Medical Center ("Hospital") failed to diagnose a tumor on her ovary, destroying that ovary and causing her to lose half of her lifetime supply of eggs, which unlike sperm are finite in number. Compl., Dkt. 1, ¶¶ 147 – 155. In addition, losing that ovary strained the remaining one, putting it at risk of giving out sooner and Plaintiff at risk of early onset menopause. *Id*. A remedy she seeks is freezing her eggs. *Id*. at p. 108. But for Defendants' fraud, she could have hired a lawyer on contingency to sue Defendant Hospital for medical malpractice in Illinois state court, where she would have been entitled to be a Jane Doe. *Id*. at ¶¶ 172 – 180, 241; *Tinsley*; *Northwestern Memorial Hosp*. Due to Defendants' fraud, she brings this suit claiming these medical malpractice damages (and other monies) in federal court, where she should receive the same protection.

Fourth, Plaintiff is a child rape victim, a matter directly relevant to this case because it speaks to causation and damages. In June 1989, 19 years to the month she was diagnosed with a tumor, Plaintiff was raped. *Id*. at ¶¶ 92 – 109. Only necessary parties were involved, such as her parents, the police, and the local hospital. *Id*. Those with conflicts of interest, such as her rapist, his family, or his agents, did not contact her. *Id*. She stayed with her family and saw her grandparents, with whom she was close. *Id*. During and after, she was composed, private, had good behavior, and got good grades. *Id*. and at Ex. 10. In fact, less than two years later, she skipped the fourth grade. *Id*.

This was totally different from when Defendant Hospital failed to diagnose Plaintiff's catastrophic tumor. Here, unnecessary parties with conflicts of interest, including Defendant Hospital's parent company Defendant University and its employees, became involved and contacted her. *Id*. at ¶¶ 15-7, 59 – 62, 167 – 238, Ex. 15, 16, 28, 30. Among many other acts and omissions, they isolated her from her relatives, including her grandparents. *Id*. at ¶¶ 15-7, 208, 218,

224, 227, 234, Ex. 19. She suffered mental illness, including mania; overshared information, causing her employer to tell her she made others uncomfortable; had behavior so changed she lost most of her friends; and performed poorly academically, including failing out of school twice and being unable to graduate. *Id*. at 15-7, 29 – 58, 216-7, 231-2, 288 – 290, 326, Ex. 1, 2, 3, 4, 5, 25, 26, 27, 28.

For Plaintiff, attending Defendant University was worse than being raped repeatedly as a seven-year-old. *Id*. at ¶¶ 15-7. Hope Cheston, a 14-year-old rape victim, received $1 billion in damages for her rape. *Id*. at ¶ 342.

Fifth, Plaintiff is a particularly vulnerable party. Again, she has a history of being homeless and jobless. *Id*. at ¶¶ 15, 325. Currently employed, she does not want her employer to know about this suit. Should her identity become public, she fears losing her job, further diminished employment prospects, being unable to support herself, and general humiliation.

Sixth, Plaintiff reasonably fears future retribution. Defendants punished her for being sick, including humiliating, disparaging, and defrauding her. *Id*. at ¶¶ 15-7, 167 – 215, 273, 276-7, 302, Ex. 25, 27, 28, 29, 30. Given Defendants' response to the mere existence of Plaintiff's legal claim, she is reasonably frightened they may further punish her for suing them.

## V. PLAINTIFF MOVES TO ALLOW SEALED RECORDS TO REMAIN SEALED

Consistent with her motion to remain a Jane Doe, Plaintiff moves to allow sealed records to remain under seal, many of which contain her name or other identifying information.

The event that caused this court's review of allowing sealed records to remain under seal appears to be Plaintiff's desire to make certain Exhibits or portions thereof public. Order, Dkt. 62, p. 2. Based on advice from this court, she submitted a proposal it held "unfeasible" that would have temporarily made the Exhibits totally public, revealing Plaintiff's name. *Id*. Plaintiff, who

never intended her name be revealed in connection with this case and has guarded her privacy, should not lose her Jane Doe status due to bad advice from an authority she reasonably relied on.

Further, Plaintiff's desire to make certain Exhibits or portions thereof public is consistent with public policy. *Goesel v. Boley Int'l. (H.K.) Ltd.*, 738 F. 3d 831, 833 (7th Cir. 2013) ("The reason for this right of public access to the judicial record is … to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties. …As Holmes put it, 'It is desirable that the trial of causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed.'"). She should not be punished by having her Jane Doe status effectively revoked for pursuing a public policy goal. If she were punished, this would have a chilling effect on others who desire to do the same.

## VI. PLAINTIFF MOVES FOR AN EXTENSION OF TIME TO MAKE CERTAIN SEALED RECORDS OR PORTIONS THEREOF PUBLIC

Plaintiff moves for an extension of time until June 30, 2023.

First, Plaintiff contacted the court clerk for help to make certain sealed Exhibits or portions thereof public, based on which she submitted what this court held to be an "unfeasible" motion. Order, Dkt. 62, p. 2. This is not the only frustrating experience she has had with this office. As such, she lacks confidence she will get adequate help from them at all or unless she calls repeatedly on different days and at different times and hopefully finds a knowledgeable staff member.

Second, many Exhibits are now public, albeit redacted to protect Plaintiff's identity. Time permitting, Hibbler advised Plaintiff to include the Exhibits she cited in her filings to make them

5

as easy as possible for this court to review, advice she followed. Pl.'s Resp. to Def.s' Mot. to Dismiss, Dkt. 38; Pl.'s Memo. of Law in Support of Her Mot. for Transfer of Venue, Dkt. 45. As such, she believes there is less urgency to make sealed Exhibits or portions thereof public.

Third, Plaintiff lacks time to work on this. In April, she visited her parents for two weeks. This was the first time she had seen them in over a year and since her father completed treatment for a second cancer diagnosis. In addition, she has increased religious obligations in April; an ongoing heavy workload at her workplace, which is understaffed and hiring more employees; and an anticipated move to her affordable apartment in May or June 2023.

Fourth, there is a pending, fully briefed motion to transfer this case to the SDNY. In the past, Plaintiff received adequate legal advice to submit materials under seal in the SDNY. If this case is transferred before the end of June, she prefers to pursue making certain Exhibits or portions thereof public there. If it is not, she requests until June 30 to pursue this here.

## VII. CONCLUSION

As a *pro se*, Plaintiff believes these motions are adequately pled. If they are not, she asks this court to tell her what she did wrong and let her fix any mistakes.

# Exhibit A

```
Court Name: District Court
Division: 1
Receipt Number: 465401292407
Cashier ID: Smcleod
Transaction Date: 01/18/2022
Payer Name: JANE DOE

CIVIL FILING FEE- NON-PRISONER
 For: JANE DOE
 Amount:         $402.00

CREDIT CARD
 Amt Tendered:  $402.00

Total Due:      $402.00
Total Tendered: $402.00
Change Amt:     $0.00

21CV10487
LTS
```

CERTIFICATE OF SERVICE

On April 28, 2023, Plaintiff sent a copy of these motions to Defendants' counsel Cozen O'Connor by mail through the United States Postal Service.

| | |
|---|---|
| April 28, 2023 | /s/ Jane Doe |
| Dated | Signature |

Jane Doe
Grace Station
229 E 85th St
PO Box 117
New York, NY 10028
646.504.2231