IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe, <br><br> Plaintiff(s), <br><br> v. <br><br> University Of Chicago, *et al.,* <br><br> Defendant(s). | No. 22-cv-01032 <br><br> Judge John F. Kness |

**ORDER**

Plaintiff has filed a notice of appeal [70] and has asked [73] this Court for leave to proceed *in forma pauperis* on appeal under Rule 24 of the Federal Rules of Appellate Procedure. In general, plaintiffs and appellants must prepay fees when initiating a case or an appeal in federal court. *See* 28 U.S.C. § 1914(c); *Whitaker v. Dempsey*, 83 F.4th 1059, 1060 (7th Cir. 2023) (Wood, J., in chambers). A nonprisoner litigant who cannot afford to prepay the applicable filing fee may ask to forgo the prepayment requirement by applying to proceed *in forma pauperis* (IFP). 28 U.S.C. § 1915(a)(1). As Judge Wood recently observed, Section 1915 "does little to specify where to draw the line of eligibility for its benefits[,]" and the decision whether to grant IFP status is thus discretionary "within broad limits." *Whitaker*, 83 F.4th at 1061. Whatever might be the outer boundaries of eligibility under Section 1915, Plaintiff's application does not test them. According to Plaintiff's supporting affidavit (Dkt. [74]), Plaintiff has an average net monthly income of $7,400 and average monthly expenses of $4,315; that leaves $3,085 in discretionary income per month. Plaintiff also states that she has $46,326 in cash on hand. *Id.* Plaintiff's ample income and assets do not support a finding that Plaintiff "is unable to pay" the appellate filing fee. 28 U.S.C. § 1915(a)(1). To be sure, Plaintiff notes that (1) her employment is set to terminate on December 1, 2023; (2) she is delinquent on approximately $344,000 in federal student loan debt; and (3) she anticipates needing to provide financial assistance to a relative. *Id.* at 7. But these unfortunate circumstances do not support, let alone compel, a finding of indigency. Plaintiff admits she is seeking new employment, meaning that she will not necessarily be without a source of income in two months. Moreover, Plaintiff cites no authority for the proposition that potential financial stress due to student loan debt or a desire to aid a family member mandates that the costs of a discretionary appeal be shifted wholly to the public. Nor is an initial partial payment of the filing fee (or payment by installments) warranted. By way of comparison, and borrowing from Judge Wood's illustration in *Whitaker*, were Plaintiff incarcerated such that the partial payment mechanism of Section 1915(b)(1) applied (meaning that Plaintiff would be assessed only an initial partial filing fee equaling

20% of her average income), she would still be obligated to pay the full appellate filing fee. More specifically, Plaintiff's net monthly income (called "average monthly deposits" under 28 U.S.C. § 1915(b)(1)(A)) is $3,085, and 20% of that amount is $617. That amounts to $112 more than the full $505 appellate filing fee. Plaintiff is not a prisoner, of course, so Section 1915(b)(1)(A) need not be applied, but the point is the same: Plaintiff has ample disposable income to pay the full appellate filing fee. In short, because judges are to assess an IFP applicant's financial position as of the time of the application, *Robertson v. French,* 949 F.3d 347, 352 (7th Cir. 2020), and because Plaintiff's current financial position is more than secure enough to pay the $505 appellate filing fee, she cannot be afforded IFP status. Accordingly, the application to proceed *in forma pauperis* on appeal is denied. The Clerk is directed immediately to provide a copy of this order to all parties of record (that task will be accomplished via CM/ECF) and to the Clerk of the United States Court of Appeals for the Seventh Circuit (appellate case number 23-3070). For clarity, this Court finds that Plaintiff's appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Notwithstanding the substance of this order, Plaintiff retains the right within 30 days to file a motion asking the Court of Appeals to grant her IFP status. Fed. R. App. P. 24(a)(5).

SO ORDERED.

Date: November 3, 2023

JOHN F. KNESS
United States District Judge